In the Matter of the Claim of SERAPIA CORCUERA, on Behalf of Herself and ELIZABETH M. CORCUERA and Another, Infants, et al., Respondents, against MOHAWK CARPET MILLS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and carrier from awards of compensation and death benefits. The issue of causal relationship between the accident and the subsequent disability and death is apparently one of fact which the board has resolved in favor of the claimant. The evidence is sufficient to support the finding. The appellants claim the benefit of former subdivision 8-a of section 15, of the Workmen's Compensation Law which did not become effective until May 1, 1944 (L. 1944, ch. 749), long after deceased had sustained his accidental injuries and had became disabled thereby. The subdivision was not retroactive in effect. Awards unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Brewster, Deyo, Bergan and Coon, JJ.

∎

In the Matter of the Claim of HELEN GROTH, Respondent, against EASTMAN KODAK COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal from an award of compensation made by the Workmen's Compensation Board to the widow of a deceased employee. The only issue presented on appeal is whether the decedent sustained an accidental injury arising out of and in the course of his employment. The record contains hearsay statements made by the decedent to the effect that he had been caught between two conveyors in the plant where he worked and sustained an injury to his chest. He subsequently developed pneumonia and thereafter died. An examining physician found tenderness over the fifth and sixth ribs of the decedent. The board found that decedent's death was related to the accident. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Brewster, Deyo, Bergan and Coon, JJ. [See *post*, p. 985.]

∎

In the Matter of the Claim of PURCELL ROBBINS, Respondent, against GEORGE A. FROLICH et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and insurance carrier from an award made by the Workmen's Compensation Board to the Rehabilitation Fund and the Fund for Reopened Cases. The decedent employee left no dependents. While engaged in the regular course of his employment he suffered an injury to the third finger of his right hand. Thereafter infection developed and he was admitted to the Harlem Hospital. While there he developed delirium tremens and died of that condition. There was proof in the record that the decedent was an alcoholic but this fact was not discovered in the hospital until he developed delirium tremens. There is also medical testimony to the effect that failure to give him alcohol, while being treated for the finger condition, was the cause of the development of delirium tremens. Thus decedent's death was related to the accident. Award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Heffernan, Bergan and Coon, JJ., concur; Deyo, J., dissents.